E87TJEMP                    Plea

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                        14 CR 117 (VEC)

5    MARVIN JEMAL,

6                   Defendant.

7    ------------------------------x

8                                        New York, N.Y.
                                         August 7, 2014
9                                        2:00 p.m.

10

     Before:
11
                         HON. VALERIE E. CAPRONI,
12
                                         District Judge
13

14                         APPEARANCES

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     CHRISTOPHER FREY
17        Assistant United States Attorney

18   BENJAMIN BRAFMAN
     JOSHUA KIRSHNER
19        Attorneys for Defendant

20   ALSO PRESENT:  MATTHEW TAYLOR, SA, FBI
                    MATTHEW GRADY, SA, FBI
21

22

23

24

25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

E87TJEMP                          Plea

1           (In open court)

2           DEPUTY CLERK:  United States of America versus Marvin

3    Jemal.  All counsel, please identify yourselves for the record.

4           MR. FREY:  Good morning, your Honor, Christopher Frey

5    for the government.  I'm joined at counsel table by Special

6    Agent Matthew Taylor and Matthew Grady.

7           MR. BRAFMAN:  Good morning, Ben Brafman and Josh

8    Kirshner for Mr. Jemal, who is present.

9           THE COURT:  Good morning.  I understand we're here

10   today for a guilty plea, is that correct?

11          MR. BRAFMAN:  Yes, your Honor.

12          THE COURT:  I have the signed plea agreement.

13          Mr. Jemal, your attorney told me that you wish to

14   plead guilty.  Before that can happen, I need to ask you some

15   questions so that I can be sure that you're pleading guilty

16   because you are guilty and not for some other reason, and that

17   you fully understand the consequences of your plea.

18          Mr. Brantley, would you please swear in Mr. Jemal.

19          (Defendant sworn)

20          DEPUTY CLERK:  Please state your full name and spell

21   your last name for the record.

22          THE DEFENDANT:  Marvin Jemal.

23          THE COURT:  Can you spell your last name for the

24   record, please?

25          THE DEFENDANT:  J-E-M-A-L.

1              THE COURT:  Thank you.  You may sit down if you would

2      be more comfortable.

3              THE DEFENDANT:  May I stand up?

4              THE COURT:  You can also stand up if you're more

5      comfortable.  Whatever makes you more comfortable.

6              Mr. Jemal, how old are you?

7              THE DEFENDANT:  I am 60 years old.

8              THE COURT:  How far did you go in school?

9              THE DEFENDANT:  High school.

10             THE COURT:  Are you able to read and understand

11     English?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  Are you now or have you recently been

14     under the care of a doctor or a psychiatrist?

15             THE DEFENDANT:  No.

16             THE COURT:  Have you ever been treated or hospitalized

17     for any mental illness or any type of addiction involving drug

18     or alcohol use?

19             THE DEFENDANT:  No, your Honor.

20             THE COURT:  Within the past 24 hours have you taken

21     any drugs, medicine or pills, or have you consumed any alcohol?

22             THE DEFENDANT:  No, your Honor.

23             THE COURT:  Is your mind clear today?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  Your attorney told me that you wish to

                                                                              4

E87TJEMP                         Plea

1    enter a plea of guilty, is that correct?

2              THE DEFENDANT:  That is correct, your Honor, yes.

3              THE COURT:  Have you had an opportunity to discuss

4    this case with your attorneys, including the consequence of

5    pleading guilty?

6              THE DEFENDANT:  Yes, I have, your Honor.

7              THE COURT:  Does either attorney have any doubt as to

8    Mr. Jemal's competence to plead guilty at this time?

9              MR. FREY:  No, your Honor.

10             MR. BRAFMAN:  No, your Honor.

11             THE COURT:  On the basis of the defendant's responses

12   to my questions and my observations of his demeanor, I find

13   that he is fully competent to enter an informed guilty plea at

14   this time.

15             Mr. Jemal, before I accept your guilty plea, I'm going

16   to ask you a number of questions.  But first I'm going to

17   describe certain rights that you have that you will be giving

18   up if you plead guilty.  Please listen to me carefully.  If you

19   don't understand any of my questions, or if you want to talk to

20   your attorney for any reason, just let me know.  If you don't

21   understand my question, I will rephrase it.  If you want time

22   to talk to your attorney, I will give you that time.  Do you

23   understand?

24             THE DEFENDANT:  Yes, thank you, your Honor.

25             THE COURT:  Your attorney has said that you wish to

5

plead guilty.  You have the right to plead not guilty and to

persist in that plea.  Do you understand that?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  You have the right to be represented by an

attorney at trial and at every other stage of this proceeding.

If you cannot afford an attorney, an attorney will be appointed

to represent you without cost to you.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  You have the right to a speedy and a

public trial by a jury on the charges against you which are

contained in the indictment.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If you went to trial, you would be

presumed innocent and the government would be required to prove

beyond a reasonable doubt that you are guilty.  You would not

have to prove that you were innocent at trial.  Do you

understand that?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  If you went to trial, you would have the

right to see and hear all of the witnesses, and your attorney

could cross-examine the witnesses that the government calls.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If you went to trial, your attorney could

object to the government's evidence.  You would also have the

E87TJEMP                    Plea

1   right to present evidence on your behalf and the right to

2   compel witnesses to come to court to testify in your defense.

3   Do you understand that?

4               THE DEFENDANT:  Yes, your Honor, I do.

5               THE COURT:  If you went to trial, you would have the

6   right to testify if you wanted to, but you could not be forced

7   to testify if you didn't want to.  If you chose not to testify,

8   the jury would be told that it could not hold that against you.

9   Do you understand that?

10              THE DEFENDANT:  Yes, your Honor.

11              THE COURT:  If there were a jury trial, the jury would

12  be composed of twelve jurors, and all twelve would have to

13  agree that you are guilty before you could be found guilty.  Do

14  you understand that?

15              THE DEFENDANT:  Yes, your Honor, I do.

16              THE COURT:  If you were convicted at trial, you would

17  have the right to appeal that verdict.  Do you understand that?

18              THE DEFENDANT:  Yes, your Honor.

19              THE COURT:  If you plead guilty and I accept that

20  plea, you will be giving up all of the rights that I have just

21  described, except your right to counsel, and you would be found

22  guilty just based on your plea of guilty.  Do you understand

23  that?

24              THE DEFENDANT:  Yes, I do.

25              THE COURT:  Mr. Jemal, have you received a copy of the

E87TJEMP                        Plea

1    indictment 14 CR 117?

2              THE DEFENDANT:  Yes, I have.

3              THE COURT:  Have you read the indictment?

4              THE DEFENDANT:  Yes, I have.

5              THE COURT:  Have you discussed the indictment with

6    your attorney?

7              THE DEFENDANT:  Yes, I have, your Honor.

8              THE COURT:  You're charge with -- the count that you

9    will be pleading guilty to, you have been charged with bank

10   fraud.  Do you understand that?

11             THE DEFENDANT:  Yes, I do, your Honor.

12             THE COURT:  Mr. Frey, what are the elements of the

13   offense?

14             MR. FREY:  Yes, your Honor.  To prove the crime of

15   bank fraud, the government would have to prove the following

16   elements beyond a reasonable doubt:  First, there was a scheme

17   to defraud a bank; second, that the defendant executed or

18   attempted to execute the scheme with the intent to defraud the

19   bank; and third, that at the time of the execution of the

20   scheme, the bank had its deposits insured by the Federal

21   Deposit Insurance Corporation.

22             THE COURT:  Mr. Jemal, if you do not plead guilty, the

23   government would have to prove each and every element of that

24   charge as described by Mr. Frey beyond a reasonable doubt at

25   trial.  Do you understand that?

E87TJEMP                          Plea

1          THE DEFENDANT:  Yes, I do, your Honor.

2          THE COURT:  The maximum possible penalty for bank

3     fraud is 30 years imprisonment, five years of supervised

4     release, and a fine that is the greater of or the greatest of a

5     million dollars, twice the gross pecuniary gain derived from

6     the offense or the gross pecuniary loss to other persons from

7     the offense.

8          Is it the greater of those two or have I missed

9     something?

10          MR. FREY:  The greatest of those.

11          THE COURT:  A million dollars or twice pecuniary gain

12     or twice the pecuniary loss, up to five years of supervised

13     release, and a mandatory $100 special assessment.  Do you

14     understand the possible penalty?

15          THE DEFENDANT:  Yes, your Honor, I do.

16          THE COURT:  Supervised release means that you would be

17     subject to monitoring and supervision after you are released

18     from prison.  Do you understand that?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  There are terms and conditions of

21     supervised release with which you would be required to comply.

22     If you do not comply with those terms and conditions, you could

23     be returned to prison without a jury trial.  Do you understand

24     that?

25          THE DEFENDANT:  Yes, I do.

E87TJEMP                        Plea

1              THE COURT:  If you violate the terms or conditions of

2      supervised release and are sent back to prison, that new prison

3      term could be for part or all of the term of supervised

4      release, and you will not get credit for time previously served

5      in prison or time previously served on supervised release.  Do

6      you understand that?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  As part of your sentence, I can also order

9      restitution to any person injured as a result of your criminal

10     conduct.  Do you understand that?

11             THE DEFENDANT:  Yes, your Honor, I do.

12             THE COURT:  Mr. Jemal, are you a United States

13     citizen?

14             THE DEFENDANT:  Yes, your Honor, I am.

15             THE COURT:  If I accept your guilty plea and I adjudge

16     you to be guilty, that adjudication may deprive you of valuable

17     civil rights, such as the right to vote, the right to hold

18     public office, the right to serve on a jury, the right to

19     possess any type of firearm, and the right to hold certain

20     professional licenses.  Do you understand that?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  Do you understand that there are

23     sentencing guidelines that I must consider in determining the

24     appropriate sentence in your case?

25             THE DEFENDANT:  Yes, I do, your Honor.

E87TJEMP                         Plea

1          THE COURT:  Have you talked to your lawyer about how

2     the guidelines apply in your case?

3          THE DEFENDANT:  Yes, I have.

4          THE COURT:  I'll have to calculate the guidelines

5     range and consider that range in determining what your sentence

6     will be.  Do you understand that?

7          THE DEFENDANT:  Yes, your Honor, I do.

8          THE COURT:  I will not be able to determine what your

9     guidelines range will be until after a presentence report has

10    been completed by the United States probation office and you

11    and the government have had a chance to review and challenge

12    any aspect of that report.  Do you understand that?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  Even after I calculate the guidelines

15    range for your case, I have the ability to impose a sentence

16    that is above or below that guideline range.  Do you understand

17    that?

18         THE DEFENDANT:  Yes, your Honor, I do.

19         THE COURT:  In addition to determining what the

20    guideline range is, I will also have to consider sentencing

21    factors that are set out by federal law.  Federal law requires

22    me to consider a number of different factors about you and

23    about the offense in determining the appropriate sentence in

24    your case.  Do you understand that?

25         THE DEFENDANT:  Yes, your Honor, I do.

E87TJEMP                    Plea

1          THE COURT:  So even after I determine the sentencing

2    guideline range for your case, I must also consider these other

3    factors, and that might lead me to settle on a sentence that is

4    higher or lower than what the guidelines recommend.  Do you

5    understand that?

6          THE DEFENDANT:  Yes, your Honor, I do.

7          THE COURT:  If your attorney or anyone else has

8    attempted to estimate or predict what your sentence will be,

9    their estimate or prediction could be wrong.  Do you understand

10   that?

11         THE DEFENDANT:  Yes, your Honor, I do.

12         THE COURT:  It's perfectly appropriate for you and

13   your attorney to discuss how your sentence will be calculated,

14   but no one can give you any assurance what your sentence will

15   actually be.  It is my job to determine what your sentence will

16   be, and I can't do that until all the things we have just

17   discussed have been done.  Do you understand that?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  So nobody, not even I, can predict what

20   your sentence will be.  I say all this and I stress this,

21   because it's important for you to understand that if your

22   sentence is different from what your attorney or anyone else

23   has told you it might be, or if it's different from what you

24   expect or what it's laid out -- what the guidelines calculation

25   is laid out in the plea agreement, that will not be a basis to

E87TJEMP                     Plea

1   withdraw your plea.  Do you understand that?

2            THE DEFENDANT:  Yes, your Honor.

3            THE COURT:  Would you like a moment?

4            THE DEFENDANT:  No, I'm okay.

5            THE COURT:  If you are sentenced to prison, there is

6   no parole, therefore, you cannot be released early.  Do you

7   understand that?

8            THE DEFENDANT:  Yes.

9            THE COURT:  I have been given a copy of the plea

10  agreement that was signed today.  Did you sign this, Mr. Jemal?

11           THE DEFENDANT:  Yes, I did, your Honor.

12           THE COURT:  Have you read the agreement prior to

13  signing it?

14           THE DEFENDANT:  Yes, I have.

15           THE COURT:  Did you discuss it with your attorney?

16           THE DEFENDANT:  Yes, I have.

17           THE COURT:  Are there any agreements, promises, or

18  understandings with the government that are not contained in

19  the plea agreement?

20           THE DEFENDANT:  No, there are not.

21           THE COURT:  Has anyone threatened or forced you to

22  plead guilty or to enter into the plea agreement?

23           THE DEFENDANT:  No, they have not, your Honor.

24           THE COURT:  Other than what is contained within the

25  plea agreement, has anyone promised you anything or offered you

1    any inducements to plead guilty or to enter into the plea

2    agreement?

3              THE DEFENDANT:  No, they have not.

4              THE COURT:  Has anyone made a promise to you regarding

5    what your sentence will be?

6              THE DEFENDANT:  No, your Honor.

7              THE COURT:  Do you understand that part of the plea

8    agreement includes a waiver of the statute of limitations, so

9    that any crime that you could be prosecuted for today, if for

10   some reason the plea is overturned, the government will still

11   be able to pursue those cases against you.  Do you understand

12   that?

13             THE DEFENDANT:  Yes, your Honor, I do.

14             THE COURT:  The plea agreement that you signed

15   contains an agreement or a stipulation between you and the

16   government regarding the sentencing guideline calculations that

17   you believe applies.  That agreement is between you and the

18   government, and it is binding as to the government, but it does

19   not bind me.  Do you understand that?

20             THE DEFENDANT:  Yes, your Honor, I do.

21             THE COURT:  So regardless of what you and the

22   government have agreed, I will make my own guidelines

23   calculation that is applicable to your case.  Do you understand

24   that?

25             THE DEFENDANT:  Yes, I do, ma'am.

E87TJEMP                              Plea

1          THE COURT:  Are there appeal waiver provisions?

2          MR. FREY:  There are, your Honor.

3          THE COURT:  So under the plea agreement, you are

4    giving up your right to appeal the sentence and to collaterally

5    attack any sentence that's imposed if I sentence you within or

6    below the sentencing guidelines calculation that is contained

7    within the agreement.  Do you understand that?

8          THE DEFENDANT:  Yes, your Honor, I do.

9          THE COURT:  In order to accept your guilty plea, I

10   have to be convinced that you are in fact guilty of this crime.

11   So Mr. Jemal, can you tell me in your own words what you did

12   that makes you guilty of the crime?

13         THE DEFENDANT:  Your Honor, between in or about 2007

14   up through and including October 2009, I submitted invoices to

15   a bank in order to draw down on a credit agreement.  At the

16   time I knew that certain of these invoices that I was

17   submitting were fraudulent, and that using them to draw down

18   the credit line was wrong and in violation of the law.  The

19   bank is a member of the FDIC and is headquartered here in

20   Manhattan, New York.  I deeply regret and am ashamed of my

21   conduct.

22         THE COURT:  When you did these acts, when you

23   submitted these invoices, did you know that what you were doing

24   was wrong and against the law?

25         THE DEFENDANT:  Yes, I did, your Honor.

E87TJEMP                          Plea

1              THE COURT:  Did anyone threaten or coerce you or force

2      you to submit the false invoices?

3              THE DEFENDANT:  No, they did not, your Honor.

4              THE COURT:  Does either attorney wish me to inquire

5      further?

6              MR. FREY:  No, your Honor.

7              MR. BRAFMAN:  No, your Honor.

8              THE COURT:  Mr. Brafman, do you know of any valid

9      defense that would prevail at trial or any reason why your

10     client should not be permitted to plead guilty?

11             MR. BRAFMAN:  No, your Honor.

12             THE COURT:  Do you believe there's an adequate factual

13     basis to support the plea?

14             MR. BRAFMAN:  Yes, your Honor.

15             THE COURT:  Mr. Frey, do you believe there's an

16     adequate factual basis to support a plea of guilty?

17             MR. FREY:  I do, your Honor.

18             THE COURT:  Mr. Jemal, how do you plead to Count Two

19     of the indictment, guilty or not guilty?

20             THE DEFENDANT:  I humbly plead guilty, your Honor.

21             THE COURT:  Are you pleading guilty voluntarily and of

22     your own free will?

23             THE DEFENDANT:  Yes, I am, your Honor.

24             THE COURT:  Mr. Jemal, the indictment to which you are

25     pleading guilty also includes a forfeiture allegation.  Under

1    the forfeiture allegation, the government has alleged that

2    you're required to forfeit all proceeds of the fraud scheme

3    that you're pleading guilty to.  In the plea agreement you have

4    agreed to forfeit $2,729,422.71.  Do you agree to forfeit that

5    property?

6              THE DEFENDANT:  Yes, I do, your Honor.

7              THE COURT:  I find that there's an adequate factual

8    basis for the plea, that Mr. Jemal understands the rights that

9    he is giving up and is waiving those rights knowingly and

10   voluntarily.  I find Mr. Jamal understands the consequences of

11   his plea, including the potential sentence that may be imposed,

12   and has agreed to forfeit the proceeds of the crime.  Because I

13   find that the defendant's plea is entered knowingly and

14   voluntarily and is supported by an independent factual basis

15   for each and every element of the crime charged, I accept your

16   guilty plea.

17             I direct that a presentence investigation be conducted

18   by the United States probation office and that presentence

19   report be prepared.

20             Mr. Jemal, you're going to be interviewed by the

21   probation office as part of the presentence investigation

22   process.  You can and should have your attorney with you during

23   that interview.  If you say anything to the probation officer,

24   it's important that the information you provide be truthful and

25   accurate.  The presentence report is very important to my

E87TJEMP                          Plea

 1    decision as to what your sentence will be.  You and your

 2    attorney will have an opportunity to read the report and to

 3    challenge it and to comment on it before I sentence you.

 4          Mr. Brafman, please schedule an interview for

 5    Mr. Jemal within the next 14 days.

 6          MR. BRAFMAN:  We will, your Honor.

 7          THE COURT:  Mr. Frey, please provide a description of

 8    the government's case to probation within 14 days.

 9          MR. FREY:  I will, your Honor.

10          THE COURT:  It's important once the presentence report

11    has been prepared that you read it carefully and discuss it

12    with your attorney before the date of sentencing.  If there are

13    any mistakes in the report, point them out to your lawyer so he

14    can bring them to the attention of me before I impose sentence.

15          You and your attorney will also have a right to speak

16    at the time of sentence.  Sentencing is scheduled for 90 days.

17          Mr. Brantley, do we have a date?

18          DEPUTY CLERK:  November 5th, at 2:00 p.m.

19          THE COURT:  Does that work?

20          MR. BRAFMAN:  Yes, your Honor.

21          THE COURT:  November 5th.

22          What's the bail status of the defendant?

23          MR. FREY:  Your Honor, the defendant is currently on

24    bail.  The government doesn't seek to modify bail conditions in

25    any way.

E87TJEMP                         Plea

1          THE COURT:  That's fine.

2          Mr. Jemal, I remind you that if you fail to return at

3    the time of sentencing, that's a separate crime called bail

4    jumping.  You don't want to do that, and you do want to return

5    at the time of sentencing.  Pursuant to 18, USC, 3143(a), I

6    find by clear and convincing evidence that the current bail

7    conditions are adequate to ensure that the defendant won't flee

8    and to protect the community.

9          Is there anything else?

10          MR. FREY:  Your Honor, in connection with the plea

11    agreement, the defendant also signed -- I should say the

12    parties signed a consent preliminary order of forfeiture.  The

13    government can provide that to the Court and just ask that that

14    be entered at this time.

15          THE COURT:  That's fine.

16          Mr. Brafman, anything else from you?

17          MR. BRAFMAN:  No, I just wanted to say, Judge, that

18    your Honor had great patience with us in the beginning of the

19    case and allowed us the opportunity to work through large

20    volumes of discovery.  It was very helpful and appreciated, and

21    it allowed us to come to a resolution without a trial that

22    would have been, in my judgment, unnecessary.  But without that

23    time, I don't think we would have gotten to this point, so I

24    just wanted to thank you.

25          THE COURT:  You're quite welcome.

E87TJEMP                        Plea

1              Anything else?

2              MR. FREY:  Not from the government.

3              THE COURT:  I will see you all in November.   Thank

4    you.

5              MR. FREY:  Thank you, your Honor.

6                               o0o

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25