## The Kurtz Law Firm, LLC
25 Main Street, Suite 104
Hackensack, New Jersey 07601
Tel. 201 669-3800
Fax 201 669-3808
dkurtz@kurtzlaw.net

DAVID L. KURTZ
Admitted in New Jersey and The District of Columbia

February 5, 2015

**BY ECF**

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 240
New York, York 10007

      Re:    **United States of America v. Marvin Jemal; 14 Cr. 117 (VEC)**

Dear Judge Caproni,

I respectfully write on behalf of my client, Nelson Brandt, in response to this Court's Order of Restitution dated January 22, 2015. Mr. Brandt expresses his gratitude to both the Government and this Court. However, he respectfully requests that the Court reconsider the narrow of issue of Attorney Fees for current counsel.

**Background**

As the Court is aware, Defendant Marvin Jemal pled guilty to bank fraud on August 7, 2014. While the Mandatory Victims Restitution ACT (the "MVRA") does not provide a timeline for a victim to assert his or her rights, Mr. Brandt retained me on September 29, 2014, approximately five weeks before Jemal's sentencing.[1] Despite Mr. Brandt's submission to the Government on October 15, 2014, the Government did not take a position on issue of whether or not Mr. Brandt was a statutory victim until this Court ordered the Government to do so on November 3, 2014.

Mr. Brandt had no choice but to file a motion with this Court, pursuant to the Crime Victims Rights Act of 2004 (the "CVRA"), 18 U.S.C. § 3771 (d)(3).

---

[1] The steps taken to assert Mr. Brandt's rights *before* Mr. Brandt's Motion to this Court on October 30, 2014 (Documents 21-25) are detailed in my letter to this Court, dated November 3, 2014 (Documents 29-30), at ¶¶ 3-4.

Hon. Valerie E. Caproni
February 5, 2015
Page 2 of 3

As before, Mr. Brandt also relies on his previous submissions made to this Court through counsel on October 30, 2014 (Documents 21-25), November 3, 2014 (Documents 29-30), and December 5, 2014 (Document 36), and January 8, 2015 (Documents 43, 43-1).

As stated previously, Mr. Brandt seeks nothing more than to be made whole for the losses that Jemal directly and proximately caused.

**Attorneys' Fees for Mr. Brandt's Current Counsel Are Appropriate**

Mr. Brandt respectfully disagrees with the Court on the narrow issue of whether or not attorneys' fees are appropriate for current counsel "for bringing his status as a victim under the MVRA to the Court's attention." United States of America v. Marvin Jemal, 14-Cr-117, Order of Restitution (the "Order") at 9.

The Court noted, "prior to counsel's letter of October 30, 2014, Brandt was not on the Court's radar as a victim or interested party." Id. The Court added, however, that "it not clear that his counsel was 'necessary' to facilitate his appearance; many victims appear at sentencing without counsel." Id.

It is for precisely the reasons the Court cites that Mr. Brandt's current counsel fees, previously submitted to this Court, were necessary and appropriate.

First, Mr. Brandt was known to the Government as early as 2010. As detailed in prior submissions, Mr. Brandt and his attorney at the time spoke to the Government and the FBI, hoping to initiate an investigation into Jemal's fraudulent activities. The Government did not proactively recognize that Nelson Brandt was a victim and did not take a position as to whether or not Mr. Brandt was a victim under the MVRA and was entitled to rights as a victim under the CVRA until this Court ordered the Government to do so on November 3, 2014. Even after Mr. Brandt's submission dated October 15, 2014, the Government's continued lack of a position necessitated the October 30, 2014 motion filed on behalf of Mr. Brandt.

Second, the Court's position that Mr. Brandt could have appeared at sentencing without counsel overlooks the fact that Mr. Brant had no right to do so until he was declared a victim.  While it may be true that many victims appear at sentencing without counsel, such a person must first have standing as a victim. As neither a victim, nor a defendant, nor a witness, Mr. Brandt would not have had an opportunity to be heard by this Court.[2] In order to be declared a victim, and appear as he did, Mr. Brandt was required to file his motion on October 30, 2014. Mr. Brandt is not an attorney and had no experience navigating the statutes and case law required to present an argument as to why he should be declared a statutory victim.

Third, after being declared a victim by this Court on November 5, 2014, the Court requested briefing on the amount of restitution due Mr. Brandt. Mr. Brandt's submissions to this Court required legal expertise provided by counsel.

---

[2] See Rule 32 of the Federal Rules of Criminal Procedure.

Hon. Valerie E. Caproni
February 5, 2015
Page 3 of 3

Fourth, Mr. Brandt's testimony at the sentencing appeared to have an effect on both the Government, and this Court. Without Mr. Brandt's motion, submissions, and testimony, the information before the Court regarding Jemal's crime was incomplete. Mr. Brandt brought new information to light, which was necessary to the prosecution or investigation of Jemal's offense. See Jemal Tr. of Sentencing, November 5, 2014, United States v. Jemal, 14 Cr. 117, at 19:21-20:2 (citing Mr. Brant's story as supporting the Government's recommended sentence); Id. at 59:22-60:12 (referring to Mr. Brandt as a "minority investor who was left partially holding the bag for [Jemal's] misconduct").

**Conclusion**

For the foregoing reasons, Nelson Brandt respectfully requests that the Order of Restitution be amended to $1,849,230.77 to reflect inclusion of $76,793.75 of current counsel's attorneys' fees.

        Respectfully submitted,

        David L. Kurtz (admitted Pro Hac Vice)

cc:    AUSA Daniel Noble (via email)
       Benjamin Brafman, Esquire (via email)
       Joshua D. Kirshner, Esquire (via email)